DURKIN, PLAINTIFF AND APPELLEE, v. SERRANO, DEFENDANT AND APPELLANT.

Appeal from the District Court of Ponce in an Action of Unlawful Detainer.

No. 2194.—Decided June 14, 1920.

UNLAWFUL DETAINER—CONFLICT OF TITLES.—Unlawful detainer is not the appropriate action in which to consider a conflict of titles to the ownership of real property.

The facts are stated in the opinion.

Mr. C. Brunet for the appellant.

Messrs. López de Tord and Zayas Pizarro for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

John Sidney Durkin, alleging that he was the owner of a farm property of fifteen acres of land in Barros, brought an action of unlawful detainer at sufferance against Francisco Serrano. The defendant answered the complaint and alleged that he was in possession of the property as its owner and not at sufferance. The case was brought to trial. Both parties introduced evidence and the court ultimately entered judgment sustaining the complaint. The defendant thereupon appealed to this court.

The plaintiff proved at the trial that he had purchased the property in 1919 from Aristela Rodríguez. The said property was sold for the payment of taxes and The People of Porto Rico acquired it in 1910. The tax-sale proceeding was brought against Ambrosio Rodríguez, the father of Aristela, and Aristela thereafter redeemed the property. Prima facie the plaintiff showed a perfect ownership title to the property, but the defendant also produced evidence tending to show that he had been in possession of the property as owner for more than thirty years. Therefore there was a clear conflict of titles and such an issue can not be consid-

ered in an action of unlawful detainer, according to the constant and repeated jurisprudence of this court.

It is maintained that Serrano himself attempted to redeem the property. Perhaps this fact might be weighed against him, but in our opinion it does not prevent him from pleading his ownership of the property.

The trial court held that until the sale made to plaintiff Durkin is annulled he has a right to the eviction of the defendant as prayed for, and cites in support of its opinion the cases of *León* v. *Alvarado,* 24 P. R. R. 654, and *Ortiz* v. *Aguayo,* 26 P. R. R. 668.

We do not agree with that court. The cases cited are different from this case. In the *León Case* there had been a previous suit between the same parties and a house belonging to the defendant was conveyed to the plaintiff. Thereafter an action of unlawful detainer was brought to evict the defendant from the house. The defendant alleged in the action of unlawful detainer that he had moved the court to set aside the judgment in the original action and this court held that that was not sufficient to defeat the action of unlawful detainer. As long as that judgment stood the plaintiff continued to be the owner of the house and as such had the right to compel the defendant to vacate it. In this case there was no previous ordinary action. A person who is in possession of a property and who alleges and produces evidence tending to show that he holds such possession as owner is sued in unlawful detainer. It is not important that the plaintiff shows a title which is *prima facie* good. The defendant also shows another title which is *prima facie* good. The question is that a conflict of titles has arisen for the first time before the court and that it can not be considered in an action of unlawful detainer.

Nor is the doctrine laid down in the case of *Ortiz* v. *Aguayo, supra,* applicable. In that case, in harmony with the other case cited, the rule was laid down that "the extra-

ordinary writ of injunction does not lie to stay proceedings in an action of unlawful detainer under pretext of the pendency of an action which affects the validity of the title of the plaintiff in the action of unlawful detainer.''

For the foregoing reasons the judgment appealed from must be reversed and another entered dismissing the complaint, without prejudice that the plaintiff may assert his rights in the corresponding ordinary action.

*Reversed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.